358 So.2d 602 (1978)
WESTERN WORLD INSURANCE COMPANY, INC., a Corporation, Appellant,
v.
The TRAVELERS INDEMNITY COMPANY, a Corporation, Appellee.
WESTERN WORLD INSURANCE COMPANY, INC., a Corporation, Appellant,
v.
Jimmy Lee CLARK and Jesse Lee Moore, Etc., Appellees.
Nos. FF-434, FF-442.
District Court of Appeal of Florida, First District.
May 16, 1978.
*603 Luke G. Galant of Dawson, Galant, Maddox, Sulik & Nichols, Jacksonville, for appellant.
M. Carroll Cayer, George Stelljes, Jr. of Marks, Gray, Conroy & Gibbs, Jacksonville, for appellees.
ERVIN, Judge.
Western World, the general liability insurer of Clark and Moore Security Service, appeals judgments entered in favor of appellees indemnifying them for a judgment entered against them in the amount of $5,000 resulting from an action brought against them by Willie Howard Thomas, a party not involved in this appeal. Thomas sued Clark and Moore for assault and battery and appellee Travelers, Clark and Moore's surety on a $5,000 performance bond issued pursuant to Sections 493.08 and 493.09, Florida Statutes (1975).[1] The complaint was later amended to add Western World, which settled the claim against it with Thomas for $12,500 and obtained a release. The release provided that any further liability of Clark and Moore would be limited to the sum of $5,000, the maximum amount authorized under the security bond. After a non-jury trial, judgment was entered in favor of Thomas for $5,000. Travelers paid the judgment and the court subsequently directed that Travelers recover $5,000 from Clark and Moore. Travelers and Clark and Moore filed complaints against Western World for its failure to defend and for payment of the $5,000 paid by Travelers to Thomas. The court found that the policy issued by Western World obligated it to provide a defense to its insureds, Clark and Moore. It held Western World was liable to Clark and Moore for attorney's fees incurred by Clark and Moore after Western World withdrew from the original suit filed by Thomas. The court also found that had Clark and Moore paid the $5,000 judgment directly to Thomas, it would be entitled to recover from Western World the amount paid, and as a result of payment, Travelers was subrogated to the rights of Clark and Moore and entitled to recover $5,000 from Western World.
Western World argues it is against public policy to allow an assured's bonding company to recover from the same assured's general liability carrier because the law of suretyship allows the surety indemnification from its principal after the surety has paid the loss. We reject this argument.
*604 The statutory bond issued by Travelers does not impose any duty upon the surety to defend its principal in the event suit is brought against the principal for breach of one of the conditions of the performance bond. The insurance policy issued by Western World, on the other hand, specifically commits the insurer to "pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury ... caused by an occurrence... ." It was specifically required to defend Clark and Moore and to pay up to the maximum amount of coverage provided to its insureds, Clark and Moore, for injuries sustained by any person arising from certain named offenses committed in the course of the insureds' business. The distinctions between a general liability insurance policy and a statutory penal bond are obvious. "[T]he usual view, grounded in commercial practice, [is] that suretyship is not insurance." Pearlman v. Reliance Ins. Co., 371 U.S. 132, 140 n. 19, 83 S.Ct. 232, 236, 9 L.Ed.2d 190 (1962); United States v. Markowitz Bros. Inc., 383 F.2d 595, 599 (9th Cir.1967). The surety on a bond is lending its credit to make certain, if the conditions of the bond are violated, that the aggrieved party will be protected in the event the principal is financially unable to comply with the conditions of the bond. If the principal can satisfy the obligation, the surety need not respond. The surety, unlike the liability insurer, however, is entitled to be indemnified by the one who should have performed the obligation. Cf. Anderson v. Trueman, 100 Fla. 727, 130 So. 12 (1930). Clark and Moore, by paying a premium which resulted in the purchase of a liability insurance policy from Western World, in effect made themselves financially responsible to meet their obligations under the terms of the bond. The maximum amount of coverage afforded to Clark and Moore through their liability insurance policy was far in excess of the total judgments recovered by Thomas. Since it is clear under the law of general suretyship that the surety, Travelers, may be indemnified from its principal, Clark and Moore, for the judgment paid to Thomas, Travelers has the right to be subrogated to any rights which Clark and Moore have against their insurance carrier.
Western World additionally argues that since the policy expressly excludes liability assumed by Clark and Moore under any contract or agreement, it is thereby insulated from liability to the amount of $5,000, which Clark and Moore were obligated to their surety in the event of payment. We agree with the lower court's determination that the assumption of liability by a principal to its surety must be pursuant to an express contract or agreement. While the bond furnished by Travelers is a contract or an agreement, it did not contain any express assumption of liability by the insureds. Clark and Moore's liability arose as a matter of law from a theory of indemnification. The general rule is that an exclusion, such as the one here, refers only to contractually created liability, and has no effect upon the general liability of the insured arising by operation of the law. Ohio Cas. Ins. Co. v. Flanagin, 44 N.J. 504, 210 A.2d 221, 231 (1965); Larson Construction Co. v. Oregon Automobile Ins. Co., 450 F.2d 1193 (9th Cir.1971); Cf. Home Ins. Co. v. Southport Terminals, Inc., 240 So.2d 525 (Fla. 2d DCA 1970). See particularly 12 Couch on Insurance, section 44:446 et seq. (2d Ed. 1964).
Clark and Moore's petition for attorney's fees on appeal is granted and the cause remanded to the trial court for the assessment of an appropriate award. Traveler's petition for fees is denied. We agree with the trial court that Travelers is neither an insured nor a named insured, as contemplated by Section 627.428, Florida Statutes (1975), entitling it to a fee.
AFFIRMED.
MILLS, Acting C.J., and EDWARDS, WILLIAM F., Associate Judge, concur.
NOTES
[1] Requiring a security service, as a condition to licensing, to obtain a bond in the amount of $5,000 payable to the Governor of the State of Florida.