**In re ML & ASSOCIATES, INC., Debtor.**

**Amerisure Insurance Company, Plaintiff,**

v.

**ML & Associates, Inc., City of Highland Village and Hiram "Chip" Johnson, Defendants.**

**Bankruptcy No. 00–37462–SAF–7.
Adversary No. 03–3442.**

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

Jan. 27, 2005.

David M. Pruessner, Dallas, TX, for Amerisure Insurance Co.

Dennis L. Roossien, Jr., Munsch Hardt Kopf & Harr, Dallas, TX, for Hiram "Chip" Johnson.

Rod L. Poirot, Cavazos, Hendricks & Poirot, P.C., Dallas, TX, for James W. Cunningham, Chapter 7 Trustee for ML & Associates, Inc.

## MEMORANDUM OPINION AND ORDER

STEVEN A. FELSENTHAL, Chief Judge.

Following a jury trial, Hiram "Chip" Johnson, the counter-plaintiff, filed a mo-

tion for the entry of a judgment (doc. no. 106). Amerisure Insurance Company, the counter-defendant, also filed a motion for the entry of a judgment (doc. no. 107), renewing portions of its pre-verdict motion for judgment (doc. no. 100). Amerisure filed a motion to strike Johnson's motion (doc. no. 115). As a separate matter, Amerisure filed a motion for leave to file an amended complaint (doc. no. 110). The court conducted a hearing on the motions on January 6, 2005.

Amerisure brought a declaratory judgment action against ML & Associates, Inc., the debtor, the City of Highland Village and Johnson to determine coverage under Amerisure's commercial general liability insurance policies for a suit by the city concerning ML & Associates' construction of a building. With his answer, Johnson filed a counter-claim, later amended, seeking a declaration that Amerisure owes a duty to defend and to indemnify ML & Associates and Johnson regarding the city's law suit, and that Amerisure breached its contract with Johnson, causing damages. Johnson also alleged a claim for a breach of duty of good faith and fair dealing and a violation of Article 21.21 of the Texas Insurance Code. National American Insurance Company (NAICO) issued a performance bond to guaranty ML & Associates' performance on the construction of the building for the city. Johnson guaranteed the performance bond. Johnson also seeks a declaration that Amerisure must indemnify Johnson for payments made on his guaranty to NAICO.

Amerisure and Johnson both filed motions for summary judgment. In a memorandum opinion and order entered on December 1, 2003, the court held that Amerisure had a duty to defend ML & Associates on count four of the third amended petition filed by the city, but denied without prejudice the motions ad-

dressing a declaration of a duty to indemnify ML & Associates. The court denied Johnson's motion for summary judgment regarding the alleged duty to defend and indemnify Johnson and regarding his causes of action for damages. *Amerisure Insurance Co. v. ML & Associates, Inc. (In re ML & Associates, Inc.),* 302 B.R. 857 (Bankr.N.D.Tex.2003).

The parties consented to the bankruptcy judge presiding over the jury trial of the remaining issues between Amerisure and Johnson. The court granted a motion to intervene filed by NAICO.

■ Before conducting the jury trial, the court reconsidered its jurisdiction. *See* transcript of August 20, 2004. ML & Associates' insurance policies with Amerisure constitute property of the bankruptcy estate. *Houston v. Edgeworth (In re Edgeworth),* 993 F.2d 51, 55 (5th Cir.1993). The determination of coverage under the policies could have a conceivable effect on the administration of the ML & Associates' bankruptcy case. 28 U.S.C. § 1334(b); *Matter of Wood,* 825 F.2d 90, 93 (5th Cir. 1987). In addition, Johnson asserted that ML & Associates agreed to indemnify Johnson for payments on the performance bond, either in his alleged capacity as an officer or director, or by separate contract. Determination of the coverage under the policies as to Johnson could therefore also have a conceivable effect on a claim he may bring against the bankruptcy estate. *Id.* Consequently, the court has jurisdiction.

The court entered the parties' joint pretrial order. The court conducted the jury trial on November 1–3, 2004.

At the close of Johnson's case, the court granted a judgment that Amerisure had no duty to defend Johnson. The jury returned a verdict on the remaining special issues. The jury found that Johnson was

not an insured under the commercial general liability insurance policy issued by Amerisure to ML & Associates beginning on August 1, 1999. The jury also found that Johnson was not an insured under the commercial general liability insurance policy issued by Amerisure to ML & Associates beginning on August 1, 2000.

The jury found that Amerisure breached its duty to defend ML & Associates, causing Johnson to suffer $75,000 in damages. The jury found that Amerisure failed in good faith to effectuate a prompt, fair and equitable settlement of a claim brought by the city against ML & Associates, but that did not cause Johnson to suffer damages.

Before addressing the competing motions for judgment, the court considers Amerisure's motion to strike Johnson's motion for judgment. Amerisure assumes that Johnson has filed his motion under Fed.R.Civ.P. 50(b). Rule 50 is made applicable by Bankruptcy Rule 9015. Rule 50(b) requires a motion for judgment under Rule 50(a)(2) before submission of the case to the jury. Johnson did not lodge a motion for judgment before submission of the case to the jury. Amerisure contends, therefore, that Johnson may not prosecute a motion for judgment after the trial. Johnson replies that he only seeks a judgment under Rule 58, made applicable by Bankruptcy Rule 7058, based on the jury's verdict. As discussed below, Johnson departs from the trial issues to matters beyond the amended counter-claim and pre-trial order. In addition, Johnson concedes that he asks the court to enter a judgment for him notwithstanding the jury's determination that he was not an insured under the Amerisure policies. In effect, Johnson seeks a judgment as a matter of law. The court accepts Johnson's principal position that he only seeks the entry of a judgment under Rule 58. The court addresses Johnson's request regarding the "insured" issue

in order to enter a final judgment. But the court will not consider evidence not presented at trial. In anticipation of a motion under Rule 59, made applicable by Bankruptcy Rule 9023, Johnson may not present evidence that he should have presented at trial. For these reasons, the court denies Amerisure's motion to strike Johnson's motion for judgment.

■ Amerisure is entitled to a judgment based on the jury's findings that Johnson was not an insured under the Amerisure policies and on the court's ruling at the conclusion of Johnson's case. Amerisure shall have a judgment declaring that it had no duty to defend Johnson and that Amerisure had no duty to indemnify Johnson regarding the city's third amended petition against ML & Associates.

Indeed, Johnson has not been named as a defendant by the city. *See Dairyland County Mut. Ins. Co. of Texas v. Childress*, 650 S.W.2d 770, 775 (Tex.1983). The Amerisure policy does not cover Johnson's contractual obligations to make payments to NAICO.

Johnson asserts that the court should disregard the jury's findings as a matter of law. As the court instructed the jury, under the Amerisure policies, to be an "insured," Johnson had to be a director, a stockholder or an executive officer of ML & Associates during the time period of each of the Amerisure policies. In addition, to be an insured, any liability or obligation that Johnson may have to another person must derive from his actions as an officer, director or stockholder of ML & Associates. The jury found that Johnson was not an "insured" under the policies. The jury's factual findings must be applied unless clearly erroneous. *U.S. v. Tolliver*, 116 F.3d 120 (5th Cir.1997). Great deference is given to a jury's verdict and courts will reverse only if, when viewing the evidence in the light most favorable to the

verdict, the evidence points so strongly and overwhelmingly in favor of one party that the court believes that reasonable jurors could not arrive at any contrary conclusion. *Dahlen v. Gulf Crews, Inc.*, 281 F.3d 487, 497 (5th Cir.2002). "[R]eversal is proper 'only if no reasonable jury could have arrived at the verdict.'" *Stevenson v. E.I. DuPont De Nemours and Co.*, 327 F.3d 400, 405 (5th Cir.2003). The jury's findings are not clearly erroneous.

■ Johnson alternatively contends that the court should hold that Johnson is an insured as a matter of law. The record does not support that conclusion. There were genuine issues of material fact regarding Johnson's role with ML & Associates and his acts regarding his guaranty of the NAICO performance bond. For that reason, the court submitted the dispute to the jury. As explained above, the court charged the jury with the factual questions that had to be answered in order to conclude that Johnson was an insured. Contrary to Johnson's post-verdict arguments, the court cannot assume that Johnson served as a director of ML & Associates or that he acted in that capacity when he guaranteed the bond.

Johnson requests a final judgment that Amerisure had a duty to defend ML & Associates. The final judgment should declare that Amerisure had a duty to defend ML & Associates on count four of the city's third amended petition. Johnson overstates the court's summary judgment ruling, without a basis for expanding the ruling. Johnson's motion presents no basis to reconsider the court's summary judgment decision. The court held that Amerisure's duty to defend ML & Associates applies to the city's negligence claim. 302 B.R. at 862. The court will not extend that duty to the city's breach of contract and breach of warranty claims. To that extent, Johnson's motion is denied.

Johnson requests that the court enter an award declaring that Amerisure breached its duty to defend ML & Associates. While the jury made that finding, Johnson is not entitled to a declaratory judgment on that finding. First, the court observes that any claim of ML & Associates based on that finding belongs to ML & Associates' trustee, not Johnson.

Second, the jury found that Amerisure's breach of its duty to defend ML & Associates damaged Johnson. Because Johnson was not an insured, he is not entitled to recover any damages caused by Amerisure's breach of its duty to ML & Associates. *See Allstate Ins. Co. v. Watson*, 876 S.W.2d 145, 149–50 (Tex.1994)(refusing to apply a claim under Article 21.21 of the Texas Insurance Code to a third person not an insured under the applicable policy).

Amerisure contends that the jury's findings that Amerisure breached its duty to defend ML & Associates and that the breach damaged Johnson should be overturned as wrong and immaterial. The jury, pursuant to its charge, considered how Amerisure performed its duty to defend ML & Associates. The jury discharged its function to determine if Johnson had been damaged and, if so, in what amount. The court finds no basis or reason to overturn the jury's findings. The jury's findings are not clearly erroneous. Amerisure should take note of the implication of the jury's findings of the community's expectations of an insurance company's duty to defend. But the findings notwithstanding, Johnson is not entitled to a judgment on those findings because he is not an insured under the policies. Because he is not an insured, Amerisure is entitled to a judgment dismissing the breach of duty to defend ML & Associates' claim.

■ Johnson argues that he can recover as a third party beneficiary. Johnson's counter-claim, as amended, does not allege a claim for recovery of damages as an injured third party beneficiary of the Amerisure policies. The pretrial order does not state a contested factual or legal issue concerning recovery by Johnson as a third party beneficiary. The parties are limited to the issues articulated in the pretrial order. *Industrias Magromer Cueros y Pieles S.A. v. Louisiana Bayou Furs Inc.*, 293 F.3d 912 (5th Cir.2002); *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606 (5th Cir.1993); *Robinson v. Bump*, 894 F.2d 758 (5th Cir. 1990); *Swift v. State Farm Mut. Auto. Ins. Co.*, 796 F.2d 120 (5th Cir.1986); *Flannery v. Carroll*, 676 F.2d 126 (5th Cir.1982).

■ But, even if the court considered the issue, Johnson cannot recover as a third party beneficiary under the Amerisure policies. Johnson argues that he had been a director of ML & Associates. As a director, he further argues that the Amerisure policies were intended to provide third-party benefits to him. In making this argument he invokes case law applicable to officer and director liability insurance policies, which have no relevance to a commercial general liability policy. *See Wedtech Corp. v. Federal Ins. Co.*, 740 F.Supp. 214 (S.D.N.Y.1990).

Furthermore, as discussed above, the Amerisure policies insured ML & Associates' directors. If Johnson had met his burden of proving that he had been a director during the policies' terms or, if a director, had been acting as a director in connection with the construction project, the jury would have been required to find that he was an insured. As the jury's findings are not clearly erroneous, Johnson failed to establish that he had been a director or had been acting in his capacity as a director. Johnson cannot circumvent that failure by having the court hold that he can recover as a third party beneficiary. *Watson*, 876 S.W.2d at 149–50 (discussing public policy reasons for declining to extend to third persons the same duties an insurer owes to its insured). Had Johnson met his burden of proof, he would have been an insured.

Even if an insured, Amerisure contends that under the "separation of insured" provision of the policies, Johnson cannot recover damages to him from a breach of Amerisure's duty to defend another insured, namely, ML & Associates. Amerisure argues that only the bankruptcy trustee can assert any claim to damages for a breach of the duty to defend ML & Associates. Since the court applies the jury's verdict that Johnson was not an insured, the court need not address the "separation of insured" provision of the policies.

Johnson's motion for an award of damages based on a theory of third party beneficiary is denied.

■ Johnson also argues that the court should apply a subrogation theory to allow recovery against Amerisure. The pretrial order does not state a contested factual or legal issue concerning subrogation. The parties are limited to the issues articulated in the pretrial order.

■ But, even if the court considered the issue, Johnson would not be entitled to a judgment. The two key elements of equitable subrogation are: (1) that the party on whose behalf the claimant discharged a debt was primarily liable on the debt, and (2) that the claimant paid the debt involuntarily. *Westchester Fire Ins. Co. v. Admiral Ins. Co.*, 152 S.W.3d 172 (Tex.App.—Fort Worth, 2004); *Underwriters At Lloyd's of London v. National Union Fire Ins. Co. of Pittsburgh, Pennsylvania*, 1997 WL 714282, (Tex.App.—

Dallas, 1997); *Bank One v. Highlands Ins. Co.*, 1996 WL 656697 (Tex.App.—San Antonio, 1996); *Argonaut Ins. Co. v. Allstate Ins. Co.*, 869 S.W.2d 537 (Tex.App.—Corpus Christi, 1993). "[T]he doctrine of subrogation is given a liberal application and is broad enough to include every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity and good conscience should have been discharged by the latter." *Argonaut*, 869 S.W.2d at 541–42. Johnson concedes that he has not paid an obligation of ML & Associates to the city, be it a contract or tort obligation. Indeed, he concedes that he has not even paid NAICO under his guaranty. In his post-trial motion, Johnson labels his obligation to NAICO as "inchoate." Johnson contends that he has assumed the tort obligations of ML & Associates. He presented no evidence to support that contention. Rather, Johnson guaranteed the performance bond of ML & Associates, which is different than assuming ML & Associates' tort liabilities, if any. *See Data Specialties, Inc. v. Transcontinental Ins. Co.*, 125 F.3d 909, 911–13 (5th Cir.1997). As Johnson has not paid a claim of ML & Associates, Johnson is not entitled to be subrogated to ML & Associates' position regarding Amerisure.

But Johnson argues that NAICO should be subrogated to ML & Associates' position. NAICO has intervened in this adversary proceeding. If NAICO has a claim for subrogation, NAICO must assert that claim. Johnson may not assert the claim. A NAICO subrogation claim is not included in the pretrial order. Pursuant to the pretrial order, Johnson is not asserting a claim on behalf of NAICO. The pretrial order provides that the trial will not adjudicate or impair claims between ML & Associates, Amerisure and/or NAICO.

Johnson boldly states that "NAICO is plainly entitled to succeed to the rights of ML & Associates." Nothing in this record makes that "plain." Johnson relies on *Western World Ins. Co. v. Travelers Indemn. Co.*, 358 So.2d 602 (Fla.App. 1978), for the proposition that a surety may subrogate to the rights of its principal. But that requires that the surety have paid a judgment or obligation of the principal which might be covered by liability insurance. NAICO has not even claimed, to date, in this adversary proceeding, that it has paid any ML & Associates' obligation to the city. Rather, the trial evidence suggests that NAICO purchased the city's claim against ML & Associates. *See Graham v. San Antonio Mach. & Supply Corp.*, 418 S.W.2d 303, 312 (Tex.Civ. App.—San Antonio, 1967, writ ref'd n.r.e.).

Johnson's motion for an award of damages to either himself or NAICO based on subrogation is denied.

Related to his third party beneficiary and subrogation arguments, Johnson requests that the court enter a judgment requiring Amerisure to pay the first $192,000 of NAICO's defense costs incurred in the city's law suit. Although NAICO has intervened in this adversary proceeding, NAICO has not asserted any claim for recovery of its costs as part of this adversary proceeding. Johnson may not assert a claim on behalf of NAICO. Johnson may only request the entry of a judgment on the issues covered by the pretrial order. If entitled to any judgment of damages, Johnson would be limited to the damages found by the jury. Johnson's motion for an award declaring that Amerisure must pay the first $192,000 of the NAICO defense costs is denied.

Johnson requests that the court enter an award declaring that Amerisure breached its duty to settle the city's law suit and that Amerisure should pay $205,000 ex-

pended by NAICO to obtain the city's claims against ML & Associates. The jury found that Amerisure did not attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim against ML & Associates when liability became clear. Amerisure contends that the jury erred in this finding. In finding that Amerisure breached its good faith settlement duty to ML & Associates, the jury expressed the community's expectations for how an insurer should respond to alternative dispute resolution efforts. Amerisure faults the jury for failing to understand that mediation is voluntary. Amerisure misses the point. Under the court's charge to the jury, the jury applied an objective, reasonable, prudent standard for an insurer's behavior in addressing a settlement scenario. The jury's finding cannot be held to be clearly erroneous. Amerisure's motion on this point is denied. Nevertheless, the court observes that the jury did not find that Amerisure should have settled the city's law suit, as Johnson argues in response to Amerisure's motion. A breach of a duty to engage in good faith settlement negotiations does not equate to an obligation to settle.

But the jury further found that this failure by Amerisure did not damage Johnson. Johnson may not assert a claim on behalf of NAICO. Johnson may not assert a claim on behalf of the bankruptcy trustee of ML & Associates. Johnson has not been damaged by Amerisure's breach of good faith settlement. Johnson's motion for an award declaring that Amerisure must pay $205,000 is denied.

■ For its part, Amerisure requests that the court enter a judgment dismissing Johnson's good faith settlement claim. Article 21.21 of the Texas Insurance Code may not be extended to third parties; but rather is limited to an insured. *Atlantic Lloyds Ins. Co. v. Butler*, 137 S.W.3d 199,

222 (Tex.App.—Houston [1st Dist.], 2004). Applying the jury's verdict, Johnson is not an insured. Furthermore, applying the jury's verdict, Johnson suffered no damages for Amerisure's breach of the good faith settlement obligation. Amerisure's motion for judgment dismissing the good faith settlement claim will be granted.

Johnson also requests that the court award his attorney's fees. Johnson has not prevailed in this litigation. Johnson is not entitled to attorney's fees. Johnson's motion for an award of attorney's fees is denied.

In its post-verdict motion for judgment, Amerisure raises at least fourteen additional issues. Because the court grants Amerisure's motion on the applicable claims, the court does not consider whether the jury verdict on Johnson's damages is supported by the evidence or whether certain evidence had to be presented by an expert. To the extent that Amerisure seeks a reconsideration of the court's summary judgment decision, the motion is denied, except that the court reiterates its correction that the sentence at 302 B.R. at 862 should read: "As a result, Amerisure has a duty to defend MLA." To the extent that Johnson alleged a claim of breach of duty of good faith and fair dealing regarding the liability insurance policies, it must be dismissed. *See Maryland Ins. Co. v. Head Indus. Coating & Services, Inc.*, 938 S.W.2d 27, 28–29 (Tex.1996). Because of the resolution of the dispositive issues, the court does not otherwise consider these additional issues.

In its summary judgment decision, the court held that Amerisure's duty to indemnify ML & Associates for any liability on count four of the city's third amended petition could not be determined until the city's claim had been determined. 302 B.R. at 863. For that reason, the court abstains from deciding whether Amerisure

has a duty to indemnify Amerisure. That issue will be resolved either by the claims allowance process in the underlying bankruptcy case or, in state court, upon relief from the automatic stay of 11 U.S.C. § 362.

On November 19, 2004, after the jury returned its verdict, Amerisure filed a motion for leave to file a second amended adversary complaint. The court has discretion to permit the filing of an amended pleading. Rule 15(a), made applicable by Bankruptcy Rule 7015. Amerisure asserts that developments in the underlying bankruptcy case result in the need to amend its declaratory judgment complaint. Amerisure contends that the trustee of the ML & Associates' bankruptcy estate has agreed to assign his claims against Amerisure to NAICO. Amerisure seeks leave to amend the complaint to test whether an assignment by the trustee would negate or destroy Amerisure's coverage of ML & Associates.

In the underlying bankruptcy case, on October 22, 2004, the trustee with NAICO filed a motion for the court to approve under Bankruptcy Rule 4001(d) an agreed order between the trustee and NAICO. The agreement would lift the automatic stay to allow NAICO as assignee of the city's claims to prosecute the claims in state court, with recovery limited to any applicable insurance policies. The agreement also suggests that NAICO would be the assignee or subrogee of the trustee's claims for breach of duties against Amerisure. The agreement would lift the stay to allow NAICO to pursue those claims, as well. The agreement provides for the priority of the distribution of any recovery by NAICO. On November 5, 2004, Amerisure filed an objection to the Rule 4001(d) motion. The court has set a hearing on the motion on February 14, 2005.

In its motion for leave to amend the complaint, Amerisure contends that the pending assignment of the trustee's claims against Amerisure alter the coverage issue against ML & Associates. Amerisure suggests that because of this change of circumstances, it should be able to test in an amended declaratory judgment complaint whether coverage of ML & Associates has been negated or destroyed. The trustee, Johnson, and NAICO all oppose the motion. They basically respond that the trustee has not made a new assignment or transfer of any ML & Associates' claim to NAICO. They also respond that Amerisure has no evidence that the trustee will not cooperate with an Amerisure defense against the city's claims. Johnson adds that he would be prejudiced because the litigation would be prolonged.

While the trustee, NAICO, and Johnson contend that there has been no new assignment to NAICO, the Rule 4001(d) agreement refers to NAICO as an assignee or subrogee of ML & Associates. That language supports Amerisure's concern. But an amendment to the complaint does not follow.

The court will resolve the Rule 4001(d) motion at the scheduled hearing in the underlying bankruptcy case. If NAICO and the trustee contend that NAICO is a subrogee to the trustee's claims, the court will expect evidence of NAICO's actual payments and the reasons therefore. The court will certainly consider any such evidence in light of the testimony at trial. If there is going to be an assignment of any property of the bankruptcy estate, it will be for cash. ML & Associates filed the underlying bankruptcy case on November 21, 2000. The court converted the case to a case under Chapter 7 of the Bankruptcy Code on March 22, 2001. Given the age of the case, the court expects that all of the trustee's activities will further the comple-

tion of the administration of the estate. If the trustee is going to administer property by transfer or assignment, it will be for cash. Furthermore, any stay relief will have to further the administration of the estate, not further litigation between two insurance companies. Given the circumstances of the underlying case and the filing of the motion for leave to amend after the return of the jury's verdict, the court does not find cause or any other basis to permit amended pleadings. Amerisure's motion will be denied.

### Order

Based on the foregoing,

**IT IS ORDERED** that Amerisure Insurance Company's motion to strike Hiram "Chip" Johnson's motion for judgment is **DENIED**.

**IT IS FURTHER ORDERED** that Amerisure Insurance Company's post-verdict motion for judgment is **GRANTED IN PART and DENIED IN PART**.

**IT IS FURTHER ORDERED** that Hiram "Chip" Johnson's motion for judgment is **DENIED**.

**IT IS FURTHER ORDERED** that Amerisure Insurance Company shall have a final judgment:

1. Declaring that Amerisure Insurance Company has a duty to defend ML & Associates, Inc., on count four of the third amended petition filed by the City of Highland Village, Texas, in cause no. 2002–30009–211, in the 211th Judicial District Court, Denton County, Texas. The court abstains from determining whether Amerisure has a duty to indemnify ML & Associates, Inc., for any liability on that count.

2. Declaring Hiram "Chip" Johnson is not an insured under the applicable Amerisure insurance policies.

3. Declaring that Amerisure Insurance Company has no duty to defend nor to indemnify Hiram "Chip" Johnson in connection with the litigation brought by the City of Highland Village, Texas, against ML & Associates, Inc., nor for any contractual obligations Johnson has to make payments to National American Insurance Company.

4. Dismissing Hiram "Chip" Johnson's counter-claim against Amerisure Insurance Company, and providing that Johnson obtain no recovery against or from Amerisure Insurance Company.

**IT IS FURTHER ORDERED** that Amerisure Insurance Company's motion for leave to file a second amended adversary complaint is **DENIED**.

Counsel for Amerisure Insurance Company shall submit a proposed final judgment consistent with this order within ten days from the date of entry of this order. Each side shall bear its own costs.